**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTT MCKINNLEY TANNER, # 140911**                 **PETITIONER**

**VERSUS**                 **CIVIL ACTION NO. 1:13cv232-LG-JMR**

**RONALD KING**                 **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS case is before the Court on the Respondent's Motion to Dismiss [7] the petition for writ of *habeas corpus* relief as untimely. For the reasons described below, the Court recommends that Respondents' motion should be granted and the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

Scott McKinnley Tanner was sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections [MDOC] after being convicted of one (1) count of sexual battery on July 28, 2008. [7-1, p. 1.] He appealed his conviction to the Mississippi Supreme Court, and that Court issued its opinion on November 3, 2009. [7-2.] Tanner did not file a motion for rehearing or appeal this ruling to the United States Supreme Court. He filed his petition for *habeas corpus* in this Court on May 28, 2013. [1]

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act [AEDPA] was enacted primarily to put an end to the unacceptable delay in the review of prisoners' *habeas* petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's *habeas corpus* jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-5 (1998). The AEDPA, which became effective on April 24, 1996,

instituted a time bar as follows, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, this Court must determine when the Petitioner's conviction became final on direct review and whether the statute of limitation was tolled while on review in the Mississippi Supreme Court. This analysis will provide the date by which the Petitioner must have filed his petition in order to satisfy the statute of limitations.

The Mississippi Supreme Court affirmed Tanner's conviction on November 3, 2009. "If the defendant stops the appeal process before [seeking application for *writ of certiorari* with the United States Supreme Court] the conviction becomes final when the time for seeking further direct review in the state court expires." *See Foreman v. Dretke,* 383 F.3d 336, 338 (5th Cir. 2004). In this case, Tanner did not seek timely discretionary review in state court by filing a petition for rehearing in the supreme court. Tanner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired, which was fourteen days after his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Tanner's conviction became final on November 17, 2009, and his *habeas* petition was due on November 17, 2010.

A properly filed application for post-conviction relief [PCR] filed during the one-year statutory period will toll the due date on a federal *habeas corpus* petition. *See Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004). Tanner filed an application for PCR with the Mississippi Supreme Court on December 13, 2010. [7-3, p. 1.] The petition was denied on April 6, 2011. [7-4.] Tanner filed a motion for leave to file a motion for PCR with the Mississippi Supreme Court, which was denied on January 17, 2013. [7-5.] Tanner's subsequent motion for leave to file a motion for PCR based on newly discovered evidence regarding the length of his sentence, filed on February 8, 2013, was denied by the Mississippi Supreme Court on March 27, 2013. [7-6.] None of these petitions were filed by the November 17, 2010, deadline.

Tanner contends that his petition is timely because it was filed before the December 17, 2010, deadline, which he claims applies because the time period for filed a petition for *writ of certiorari* should be included. [8, p. 2.] A prisoner who fails to seek discretionary review from the state's highest court does not receive the benefit of the ninety-day period for seeking *certiorari* from the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690, 693–4 (5th Cir. 2003).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Tanner signed the petition on May 21, 2013, making that date the earliest the Petitioner could have filed his petition. [1-3.] The petition was filed well past the November 17, 2010, deadline. Accordingly, it is the recommendation of this Court that the Motion to Dismiss [7] be granted and the Petition [1] denied as time-barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations by no later than November 1, 2013, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was mailed to Tanner by certified mail, return receipt requested to his last known mailing address.

    THIS the 18th day of October, 2013.

                                                            s/ John M. Roper, Sr.
                                       CHIEF UNITED STATES MAGISTRATE JUDGE