IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT MCKINNLEY TANNER | PLAINTIFF |
| V. | CAUSE NO. 1:13CV232-LG-JMR |
| RONALD KING | RESPONDENT |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the [9] Report and Recommendation of Chief United States Magistrate Judge John M. Roper. Magistrate Judge Roper recommends that this Court grant Respondent Ronald King's [7] Motion to Dismiss Petitioner Scott Tanner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the Petition is untimely. Petitioner Tanner filed an objection to the Report and Recommendation. This Court has reviewed the record, and based on the applicable law, finds that Tanner's habeas corpus petition is time-barred, and the Report and Recommendation should be adopted as the opinion of this Court.

### BACKGROUND

Scott Tanner was convicted of one count of sexual battery in the Circuit Court of Jackson County, Mississippi. Tanner was sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections in July 2008. (Sentencing Order, Mot. to Dismiss Ex. A, ECF No. 7-1). The Mississippi Court of Appeals affirmed Tanner's conviction and sentence on November 3, 2009. *Tanner v. State of Miss.*, 20 So.3d 764 (Miss. Ct. App. 2009). Tanner did not file a motion for rehearing, or otherwise seek to appeal that decision through a writ of certiorari to

the Supreme Court of Mississippi.

Over a year later, on December 13, 2010, Tanner filed an application for leave to file a motion for post-conviction collateral relief in the Supreme Court of Mississippi.[1]  (App. for Leave, Mot. to Dismiss Ex. C, ECF No. 7-3).  The Supreme Court dismissed Tanner's application in April 2011, finding that it was deficient, and that Tanner had failed to correct the deficiencies despite having been granted time to do so.  (Order, Mot. to Dismiss Ex. D, ECF No. 7-4).  Tanner subsequently filed two more applications for leave to file a motion for post-conviction relief, which the Supreme Court of Mississippi dismissed in 2013 because his claims were procedurally barred, not supported with any evidence, or otherwise meritless. (Order, Mot. to Dismiss Ex. E, ECF No. 7-5; Order, Mot. to Dismiss Ex. F, ECF No. 7-6).

Tanner filed his petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on May 28, 2013.[2]  Tanner raises the following claims: (1) "Amendation of Indictment Error;" (2) "Allowing Audio-Taped Telephone Conversation Between Tanner and A.L. Error;" and (3) "Error of Non Investigation by Trial Counsel."  (Attachment to Petition, ECF No. 3).  Tanner argues that the "overall . . . issue" is that his trial counsel was ineffective.  He invokes his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

---

[1] Tanner signed the application on December 8, 2010.

[2] Tanner signed the petition on May 21, 2013.

Respondent Ronald King moves to dismiss Tanner's petition on the grounds that it is untimely under 28 U.S.C. § 2244(d). Tanner responds that his petition was timely because the deadline for filing it was subject to statutory and equitable tolling. Chief U.S. Magistrate Judge Roper recommends that the Motion to Dismiss be granted, and the petition dismissed as untimely, because Tanner failed to file the petition within the one-year period after his conviction became final under 28 U.S.C. § 2244(d).

Tanner objects to the Report and Recommendation on the grounds that it is based on "an inadequate review of the pleadings." (Objection, ECF No. 11). Tanner argues, as he does in response to the Motion to Dismiss, that his habeas petition was timely filed because the one-year period was tolled under 28 U.S.C. § 2244(d)(2). Tanner's objection largely focuses on his claim that he is entitled to equitable tolling. Tanner argues that in October 2010, he retained PPS Legal Research Clinic P.A., and relied on the representations by its director, Robert Tubwell, that the clinic would handle his case. According to Tanner, he ultimately discovered that the clinic was a scam, and it never filed a petition for habeas corpus on his behalf. Thus, Tanner argues, he is entitled to equitable tolling for the time period during which he believed the clinic was handling his case.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted to "further the principles of comity, finality, and federalism" in the review of petitions for habeas corpus relief. *Duncan v. Walker*, 533 U.S. 167, 178 (2001)

(citation omitted).  The Act provides for a one-year limitation on the period for filing federal habeas petitions, which "serves the well-recognized interest in the finality of state court judgments."  *Id.* at 179 (citation omitted).  "This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  *Id.*

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). "Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants first to exhaust all state remedies and then to file their federal habeas petitions as soon as possible." *Duncan*, 533 U.S. at 181. In addition to the statutory tolling provision included in the AEDPA, the United States Supreme Court has held that "the AEDPA's statutory limitations period is subject to **equitable** tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (emphasis added) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

In this case, Petitioner Tanner claims he is entitled to both statutory and equitable tolling. As set forth above, Tanner's conviction was affirmed on direct appeal on November 3, 2009. Under Mississippi Rule of Appellate Procedure 40(a), Tanner had fourteen (14) days to file a petition for rehearing in the Mississippi Court of Appeals. M.R.A.P. 40. Tanner does not dispute that he failed to file a petition for rehearing. Tanner's conviction became final, therefore, on November 17, 2009. *See Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004). The one-year period under § 2244(d) began to run on that date, and Tanner's petition for federal habeas review was therefore due on or before November 17, 2010.[3]

---

[3] Tanner asserts, incorrectly, that the deadline for filing his *habeas* petition was December 17, 2010 instead of November 17, 2010. He arrives at this date

As set forth above, it was not until December 2010, approximately one month after the AEDPA's one-year period had expired, that Tanner sought to file a motion for post-conviction relief in the state court. (App. for Leave, Mot. to Dismiss Ex. C, ECF No. 7-3). Because Tanner did not properly file an application for State post-conviction or other collateral review until *after* the deadline to file his federal habeas petition had already passed, he is not entitled to statutory tolling under § 2244(d)(2). Tanner signed his habeas petition under § 2254 on May 21, 2013, over two years after the one-year period had elapsed, and it is therefore untimely under the AEDPA.[4] Unless it can be saved by equitable tolling, Tanner's habeas petition is time-barred.

Tanner claims that his one-year period for filing a habeas petition under the AEDPA should be equitably tolled during the time in which he believed his case

---

based on his claim that he had thirty (30) days after the deadline for filing a motion for rehearing in the Mississippi Court of Appeals in which to file a petition for writ of certiorari in the Mississippi Supreme Court. Tanner admits that the deadline to seek rehearing in the Court of Appeals was November 17, 2009. He is incorrect, however, that he was entitled to thirty days beyond that to seek a writ of certiorari in the Mississippi Supreme Court. Under Mississippi Rule of Appellate Procedure 17, "[a] party seeking review of a judgment of the Court of Appeals must **first** seek review of that court's decision by filing a motion for rehearing in the Court of Appeals." M.R.A.P. 17. (emphasis added). Then, upon the judgment of the Court of Appeals on the motion for rehearing, the party has fourteen days in which to file a petition for writ of certiorari in the Supreme Court of Mississippi. *Id.* Tanner never filed a motion for rehearing, and therefore could not have sought a writ of certiorari. His conviction became final, therefore, at the conclusion of the fourteen-day period for seeking rehearing in the Mississippi Court of Appeals.

[4] May 21, 2013 is the earliest date the Court can consider the petition to have been filed under the so-called "mailbox rule." *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

was being handled by Tubwell and PPS Legal Research Clinic, P.A. Tanner submits that he and his family retained Tubwell, who claimed to be the Director and CEO of the clinic, and based on Tubwell's assurances that he would "keep [Tanner's] case moving in a timely and effective manner." (Pet. Reply to Mot. to Dismiss 3, ECF No. 8). According to Tanner, Tubwell told him repeatedly that his appeal was being handled, but Tanner eventually discovered that the clinic was a scam, and that Tubwell was engaged in the unauthorized practice of law. Tanner has submitted communications from Tubwell, as well as letters from the Mississippi Bar Association about its investigation into Tubwell, in support of his arguments. (Objection, Exs. 2-6, ECF Nos. 11-2, 11-3, 11-4, 11-5, 11-6).

     The Court has reviewed the record, including the various communications between Tubwell, the Mississippi Bar Association, and Tanner. The Court finds that, even if this case rises to the level of "extraordinary circumstances," and Tanner could establish the elements required for equitable tolling, his petition is still untimely. According to Tanner, he retained Tubwell and the PPS Legal Research Clinic "prior to October 21, 2010." (Pet. Reply to Mot. to Dismiss 3, ECF No. 8). He submits that he discovered on August 29, 2012 that Tubwell was "a convicted felon and scam-artist who was engaged in the unauthorized practice of law." (*Id.*) Tanner claims that "up until August 29, 2012 [he] was actively misled by Tubwell, who victimized [him] as he has many other MDOC inmates searching

for professional assistance with their cases." (*Id.*)[5]

Tanner would have the Court toll the one-year period for filing his habeas petition for the time during which he was (or believed he was) represented by Tubwell. According to Tanner's submissions, that period began sometime in October 2010 and concluded August 29, 2012. But even if the Court tolled the deadline for filing Tanner's habeas petition from October 2010 to August 2012, the petition was still filed beyond the one-year period provided by the AEDPA. As set forth above, the one-year period for filing Tanner's habeas petition began to run on November 17, 2009. Assuming Tanner hired Tubwell and PPS Legal Research Clinic on October 1, 2010,[6] he had already allowed some 317 days of the one-year period to elapse by the time he began relying on Tubwell to handle his case. If the Court begins tolling on October 1, 2010, and stops tolling on August 29, 2012 (the date on which Tanner submits he realized Tubwell was a scam artist), Tanner would have had forty-eight (48) days remaining, or until approximately November 18, 2012, to timely file his habeas petition. Tanner filed his petition six (6) months later, in May 2013.

---

[5] The Court notes that, according to the record, at least one of Tanner's applications for leave to file a motion for State post-conviction relief was filed in December 2010, which falls within the time frame Tanner claims he was being misled by Tubwell. It is not apparent in the record, however, whether Tubwell filed that application on Tanner's behalf.

[6] Tanner has represented to the Court that he hired Tubwell "in October of 2010" and "prior to October 21, 2010." (Pet. Reply to Mot. to Dismiss 3, ECF No. 8). Accordingly, October 1, 2010 appears to be the earliest date on which Tanner could have retained Tubwell.

Thus, assuming without concluding that equitable tolling applies, Tanner's petition was filed outside the one-year time limitation permitted by the AEDPA, and is time-barred. Accordingly, the Respondent's Motion to Dismiss is granted. The Report and Recommendation entered by Chief United States Magistrate Judge John Roper is adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [9] entered by Chief United States Magistrate Judge John M. Roper on October 18, 2013, is hereby **ADOPTED** as the opinion of this Court

**IT IS FURTHER ORDERED AND ADJUDGED** that the Respondent's Motion to Dismiss [7] is **GRANTED.** Scott McKinley Tanner's Petition for Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 19th day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE